1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

RYAN CURTIS CHADWICK,

          Plaintiff,

     v.

POLICE OFFICER WRIGHT,

          Defendant.

Case No.  16-cv-3659-NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a former detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.  (Doc. 6.)

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'""  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although

United States District Court
Northern District of California

1    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

2    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

3    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

4    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

5    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

6    proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United

7    States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*:

8    "While legal conclusions can provide the framework of a complaint, they must be supported by

9    factual allegations.  When there are well-pleaded factual allegations, a court should assume their

10    veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*

11    *v. Iqbal*, 556 U.S. 662, 679 (2009).

12         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

13    that a right secured by the Constitution or laws of the United States was violated, and (2) that the

14    alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

15    487 U.S. 42, 48 (1988).

16    **Legal Claims**

17         Plaintiff states that he was arrested in violation of the Fourth Amendment.

18         A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth

19    Amendment's prohibition against unreasonable search and seizure if the allegation is that the

20    arrest was without probable cause or other justification.  *See Pierson v. Ray*, 386 U.S. 547, 555-

21    558 (1967); *see*, *e.g. Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir. 2012) (en banc)

22    (allegations that special prosecutor ordered or otherwise procured arrests and arrests were without

23    probable cause enough to state a § 1983 claim of unlawful arrest against special prosecutor);

24    *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012) (reversing denial of qualified immunity

25    when there was "no question" that officers had probable cause to believe that plaintiff had

26    committed the actus reus of theft, even though reasonable people could draw different conclusions

27    based on plaintiff's behavior).  A claim of bad faith in making an arrest may also be a cause of

28    action under § 1983 as an illegal and unconstitutional arrest.  *See Bretz v. Kelman*, 773 F.2d 1026,

1    1031 (9th Cir. 1985) (en banc).

2        In order to recover damages for an allegedly unconstitutional conviction or imprisonment,

3    or for other harm caused by actions whose unlawfulness would render a conviction or sentence

4    invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed

5    on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

6    make such determination, or called into question by a federal court's issuance of a writ of habeas

7    corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that

8    relationship to a conviction or sentence that has not been so invalidated is not cognizable under §

9    1983. *Id*. at 487.

10       In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for

11   deferred accrual is called into play only when there exists 'a conviction or sentence that has not

12   been ... invalidated,' that is to say, an 'outstanding criminal judgment.'"  *Id*. at 391-93 (quoting

13   *Heck*, 512 U.S. at 486-87).  The *Heck* rule delays accrual only if there is an existing conviction on

14   the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful

15   imprisonment claims is when the plaintiff's confinement is no longer without legal process, but

16   rather becomes a confinement pursuant to legal process – that is, for example, when he or she is

17   bound over by a magistrate or arraigned on charges.  *Id*. at 389-90.  The Court stated that the

18   contention that "an action which would impugn *an anticipated future conviction* cannot be brought

19   until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it.  *Id*. at 393

20   (italics in original).  Although the Court was only considering when the statute of limitations

21   began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck*

22   does not apply if there is no extant conviction – for instance, if plaintiff has only been arrested or

23   charged.

24       If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other

25   claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is

26   within the power of the district court, and accords with common practice, to stay the civil action

27   until the criminal case or the likelihood of a criminal case is ended.  *Id*. at 393-94.  If the plaintiff

28   is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires

United States District Court
Northern District of California

3

1    dismissal; otherwise, the case may proceed. *Id*. at 394.

2         Plaintiff states that defendant violated the Fourth Amendment in arresting him on May 22,

3    2016.  Plaintiff seeks money damages.  It is not clear if there is an ongoing prosecution against

4    plaintiff or if the charges have been dropped.  Nor does plaintiff specify on what charges he was

5    arrested for.  The complaint is dismissed with leave to amend to provide more information

6    concerning the arrest and the current status of the prosecution against him.

7                                              **CONCLUSION**

8         1.  The complaint is **DISMISSED** with leave to amend in accordance with the standards

9    set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date

10   this order is filed and must include the caption and civil case number used in this order and the

11   words AMENDED COMPLAINT on the first page.  Because an amended complaint completely

12   replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See*

13   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from

14   the original complaint by reference.  Failure to amend within the designated time will result in the

15   dismissal of this case.

16        2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

17   informed of any change of address by filing a separate paper with the clerk headed "Notice of

18   Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so

19   may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

20   Procedure 41(b).

21        **IT IS SO ORDERED.**

22   Dated:  September 8, 2016

23   _____

24   NANDOR J. VADAS
     United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California

4