UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

RYAN CURTIS CHADWICK,
    Plaintiff,

v.

POLICE OFFICER WRIGHT,
    Defendant.

Case No.  16-cv-3659-NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The court dismissed the original complaint with leave to amend and plaintiff has responded to the court's order.  Docket nos. 7, 9.

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'"'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff claims that he was arrested in violation of the Fourth Amendment.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *see*, *e.g. Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir. 2012) (en banc) (allegations that special prosecutor ordered or otherwise procured arrests and arrests were without probable cause enough to state a § 1983 claim of unlawful arrest against special prosecutor); *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012) (reversing denial of qualified immunity when there was "no question" that officers had probable cause to believe that plaintiff had committed the actus reus of theft, even though reasonable people could draw different conclusions based on plaintiff's behavior).  A claim of bad faith in making an arrest may also be a cause of

action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process – that is, for example, when he or she is bound over by a magistrate or arraigned on charges. *Id*. at 389-90. The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id*. at 393 (italics in original). Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction – for instance, if plaintiff has only been arrested or charged.

If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff

is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id*. at 394.

In the original complaint, plaintiff stated that defendant violated the Fourth Amendment in arresting him on May 22, 2016. However, it was not clear if there was an ongoing prosecution against plaintiff or if the charges had been dropped. Nor did plaintiff specify on what charges he was arrested for. The complaint was dismissed with leave to amend to provide more information concerning the arrest and the current status of the prosecution against him. Plaintiff was also informed that an amended complaint completely replaces the original complaint, therefore he must include in it all the claims he wishes to present and he may not incorporate material from the original complaint by reference.

Plaintiff has not filed an amended complaint but did submit a short letter stating that he was charged with being under the influence of controlled substance, but the charge was not prosecuted. To the extent this is an amended complaint it is dismissed with leave to amend to file a second amended complaint containing all the allegations of the original complaint and this letter. Plaintiff may wish to provide more information concerning the arrest and declination to prosecute. If the letter was not an amended complaint, plaintiff must file an amended complaint as discussed below. The court assumes that while plaintiff is currently in custody, it is not due to this arrest.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. **Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.** *See Ferdik v. Bonzelet*, **963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.** Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of

1   Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so
2   may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
3   Procedure 41(b).
4       **IT IS SO ORDERED.**
5   Dated: November 9, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge